## RAMSEY v. DUMARS.

*Certiorari.*

1. The statute, *Elm. Dig.* 283, *sec.* 37, and the supplement thereto passed 23d November, 1821, *Elm. Dig.* 291, mean no more than, that on the trial of the appeal, the parties shall be confined to the *same evidence:* in the general sense of the term "evidence:" that is, they shall not be at liberty to make a new issue; or to introduce any deed, note or instrument of writing; nor any witness or witnesses, except such as had been examined or offered, on the trial below; unless on the ground of its being newly discovered evidence.

2. If a competent witness has been examined, or has been offered, and improperly rejected in the court below; his deposition duly taken under the statute, may be read in evidence on the trial of the appeal, if he has died, or removed out of the state, or is infirm and unable to attend in person.

3. So, if the deposition of an absent or sick witness, has been duly received in evidence, or offered, and improperly rejected in the court below, the witness may be examined in person, on the trial of the appeal.

4. Whether what a witness testified on the trial below, may be proved on the trial of the appeal, in case of the death of the witness : Quere ?

5. It is not necessary, that the justice should " enter" or record on his docket, the written or documentary evidence, offered or admitted on the trial before him: and if on the trial of the appeal any question arises, whether such papers had been admitted or offered in evidence below, it may be determined by the certificate of the justice, or the oath of witnesses: and that whether such witnesses had been sworn or offered on the trial below or not.

6. The Court of Common Pleas, may receive evidence under commissions, and by depositions taken de bene esse, under the statute, as well in matters of appeal, as in causes originating in that court.

Ramsey v. Dumars.

*S. R. Hamilton* and *P. D. Vroom* for plaintiff.

*S. G. Potts* for defendant.

The opinion of the Court, was delivered by

HORNBLOWER, C. J. This was an action of trespass de bonis asportatis brought by Dumars against Ramsey, in a court for the trial of small causes, in which the plaintiff recovered judgment in that court, for thirty dollars damages, and costs. From this judgment Ramsey appealed, and the court of Common Pleas also rendered another judgment in favor of Dumars for thirty dollars damages, with costs &c.

On the trial of the cause before the justice, the plaintiff's two daughters were produced and examined as witnesses; but on the trial of the appeal, their depositions, purporting to have been taken de bene esse, under the fifth section of the act, to issue commissions &c. *Elm. Dig.* 604, were received and read in evidence. This is assigned for error, and it is objected; First, that however regularly taken, they were inadmissible, because, not the same proof that had been produced before the justice (thirty-seventh section of the act constituting courts for the trial of small causes, *Elm. Dig.* 283,) and Second, that the act authorizing the taking and using depositions de bene esse, does not extend or apply to the court of Common Pleas, sitting in its appellate character.

1. The statute, *Elm. Dig.* 283, *sec.* 37, declares, that upon the trial of the appeal, "the same, and no other documents, proofs and witnesses, shall be produced and examined, than such as had been previously produced and examined in the court below, except &c. And the fourth section of the supplement passed the 23d November, 1821, enacts, that upon the trial of any appeal, the parties shall be confined to the same *evidence* that was offered on the trial below, unless upon an affidavit of newly discovered evidence &c. *Elm. Dig.* 291.

In *Sherron* v. *Humphreys,* 2 *Green R.* 217, we have already decided, that this statute does not require the *proofs* or *evidence* to be identically the same, *in totidem verbis;* it only means, that the same *documentary* evidence, and the same witnesses shall be examined, except in cases of newly discovered evidence. A dif-

ferent rule would involve us in interminable difficulty, as was shown in that case.

In *Johnson* v. *Pennington,* 3 *Green,* 188, Mr. Justice Ryerson, in delivering the opinion of the court, said he was not satisfied, that there was error, in admitting proof by a person not sworn before the justice, of what two deceased witnesses had said on the former trial.　Nor am I satisfied that there would be any error in so doing.

The legislature with a view to lessen the expense of litigation and to bring the administration of justice in some measure home to every man's door, has created a court of record, of easy and familiar access.　It is true, its jurisdiction is limited, territorially, and to a certain amount; and a few actions of an important, and generally, of an intricate character, are excepted out of its control: nevertheless it was intended, that in matters within its jurisdiction, it should furnish the citizens, with a cheaper and more expeditious administration of justice, than could be obtained in the common law courts of the state ; and that it should possess not only the powers specifically enumerated; but all those incident to, and necessarily implied in the power to administer justice in the matters subjected to their jurisdiction.　From the decision of that court, the legislature wisely gave an appeal to the court of Common Pleas; not to be heard and determined according to the course of the common law ; but in a summary way ; thereby incidentally giving also to that court all the power necessary to execute its appellate jurisdiction.

What then did the legislature mean by the terms, " documents, proofs and witnesses," used in the principal act ; and by the word, " evidence," employed in the supplement?

In my opinion, they meant no more than this ; that on the trial of the appeal, the parties should be confined to the *same evidence* in the general sense of that term : they should not be at liberty to make a new issue, or introduce any deed or note or instrument of writing, nor any witness or witnesses, except such as had been produced or offered on the trial below ; unless upon the ground of newly discovered evidence.

The reason of this rule is obvious.　It is to prevent vexatious litigation.　We have only therefore, to see that the Inferior Court, has not violated the spirit of this rule.　In view of these prin-

ciples, let us examine the objection in this case.  It is not, that the party introduced new witnesses, nor new evidence.  The witnesses were the same, and the evidence the same; that is, to the same point or matter.  All that can be said, is their testimony was communicated to the court, in a different manner, from what it was, on the former trial.  I see nothing in the statute, nor in the spirit and design of the rule, to prevent this; provided the testimony is communicated to the court, in a lawful manner.  Suppose for instance, a witness after the first trial, should lose the power of speech, retaining however his memory and reason.  He can now, only answer the questions put to him, by taking his pen or pencil, and writing down his answers: shall they not be read to the court and jury ?  Or must the evidence be rejected, because it is not orally delivered, as on the first trial ?  Or to go one step further; suppose the witness so sick as not to be able to attend in person, why should not his deposition, taken pursuant to the statute, be read ?  It is the *same witness*, giving the *same evidence*, only communicating it to the court and jury, in a different manner from what he had done on the former trial ?

Let us remember, the legislature have in some measure restricted suitors, in certain actions, where claims do not exceed one hundred dollars, to courts for the trial of small causes, with an appeal to the court of Common Pleas: did the legislature mean to say to such suitors, if your witness dies after the first trial, you shall not be at liberty, on the appeal, to prove what he testified on the original trial ; or if he should be sick, or about to leave the state, you shall not, in any way, have the benefit of his evidence on the appeal : although the sickness, death or absence of your witness, may have induced the appeal ; and although if you had been permitted to bring your action in a higher court, you could have been relieved against such contingencies ?  Such I think was not the intention of the legislature, and a decision to that effect, would be to deny to the court for the trial of small causes, and to the Common Pleas, on appeals, the power of doing many things, absolutely essential to the end of justice, and which they are constantly in the habit of doing; the power of doing which, however, is not given in so many words, to those courts.

In opposition to this, is cited the case of *Ward et al.* v. *Small*,

2 *Halst. R.* 40. But that case is loosely reported, and it is not easy to discover, what was really decided by the court.

On the trial before the justice, the deposition of J. W. Burnett, who was sick and unable to attend, was offered in evidence. It was rejected; but why, we are not informed. On the appeal, Burnett himself was offered, and admitted as a witness, and the judgment below was reversed. On a *Certiorari* to this court, the judgment of the Common Pleas was set aside; the Chief Justice saying, that " upon *the words* of the statute, the witness could not be admitted ; there could be no other evidence received upon the appeal, than was offered in the court below." Now, what the court meant by this decision depends entirely upon the question, whether Burnett's deposition had been rightfully or wrongfully rejected on the trial before the justice. If it was an ex parte deposition, or if it had been unduly taken, then the justice had done right in rejecting it : then Burnett had not been offered as a witness below, either actually or constructively ; and consequently could not be received either in person, or by a regular deposition on the appeal. And we must conclude, in this case, that the deposition of Burnett, had been rightfully rejected by the justice ; or otherwise, the court must have reversed his judgment for the unlawful exclusion of the deposition. At any rate, I am not satisfied that the court intended to determine, that the regularly taken deposition of a witness, who was present and sworn on the trial below, should not be admitted on the appeal ; nor vice versa. But if such was the meaning and effect of that decision, it can hardly be considered in the shape in which it is reported, as definitely settling the construction of the statute on this point.

I think it is an error to consider the court for the trial of small causes, and the court of Common Pleas, in its appellate character, as coming within that class of inferior and special jurisdictions, who must be strictly confined to the authority given them ; and who, as expressed by the court in *Jones* v. *Reed,* 1 *Johns. Cas.* 20, " can take nothing by implication, but must show the power expressly given them, in every instance."

An examination of the cases usually cited on this subject, *Rex* v. *Clarke,* 3 *Burr.* 1366 ; *Rex* v. *Croke, Cowp.* 26, and a number of others, will show, that the tribunals referred to, were of

a very different character from our court for the trial of small causes. We must hold them indeed to the exact limits of their jurisdiction; but if we undertake to say, that they cannot act within their jurisdiction, in any manner not exactly prescribed by the statute, even where the statute has failed to prescribe a rule, we should destroy much of the usefulness of the court.

If for instance, between the trial before the justice, and the hearing of the appeal, the note or other security, on which the action was brought, should be lost or destroyed, we say that a sworn copy shall not be used, nor parol evidence be given of its contents, we deny them the power of trying the cause, by what in other courts, would be legal and competent evidence. So too, if the material witness should die, if we say, that what he swore to on the former trial, may not be proved; or if the witness is sick or gone out of the country, his deposition taken according to the statute shall not be read, we expose suitors in that court to injuries the legislature never contemplated.

In my opinion therefore, the court of Common Pleas, did not err, in admitting the depositions of the two witnesses, if they had gone out of the state, and the depositions had been regularly taken.

I am further of opinion, that the court of Common Pleas, are not restricted to the use of commissions and depositions, to causes originating in that court. The statute says, "if a material witness, in any action or suit pending in any of the inferior courts &c." Now, an appeal, is an action or suit pending in the court of Common Pleas, and of course they may use a commission or deposition, on the trial of an appeal. The statute giving the Common Pleas jurisdiction of appeals, does not authorize that court to subpœna witnesses, nor prescribe the oath to be administered to them; and yet it is not denied, that the court has power to subpœna and to swear witnesses.

But there is another objection to the proceedings, on the appeal. It is this: certain papers, a landlord's warrant, inventory &c., had been given in evidence on the trial below; but the justice had neglected to enter them on his docket. On the trial of the appeal, the defendant offered to prove by the justice, that those papers had been offered in evidence before him; but the

court refused to permit the defendant so to prove, and rejected the papers.

In *Casper* v. *Peterson*, 1 *South*. 317, Chief Justice Kirkpatrick said, "the justice is not obliged to enter in his docket, the written evidence :" and I do not know that it has ever been ruled otherwise. The statute certainly does not require it in terms. It says, the justice shall record "the names of the *witnesses*, and the admission of *evidence* objected to, and the rejection of evidence offered ;" *Elm. Dig.* 283, 4, *sec.* 41 ; but does not require him to record any evidence received, which was not objected to.

If we say the justice must "enter" upon his docket, the documents that are given in evidence before him, what will constitute such *entry?* Will a reference to them by their dates and their names ; such as, a receipt, or agreement, be sufficient? Or must he record them in extenso ? Upon any "entry" the justice could make short of transcribing the whole instrument, disputes would still arise as to the identity of the instrument, that could only be settled by parol evidence.

I think therefore, the court erred in rejecting the evidence. They ought either to have admitted the justice, who was present in court, to have made an amended return instanter, if it was necessary, that he should have recorded or mentioned the papers on his docket ; or to have proved, that they had been in evidence, or offered in evidence before him.

In *Crane* v. *Ward, Penn. R.* 650, (old edition,) where the justice had omitted to record the name of the witness, or had inserted a wrong name, this court held, that the court of Common Pleas ought to have permitted the party to prove, by the oath of the witness himself, or of other witnesses, that he was sworn on the trial below.

This is not introducing other witnesses on the trial of the appeal : it is only preliminary evidence, to ascertain, what witnesses or evidence, had been heard on the trial below.

To subject a man to the loss of his cause, because the justice has forgotten to record the name of a witness, or to register a paper on his docket, when the justice is at hand, to correct his error, or if not at hand, or cannot recollect, when it can be ascertained by an appeal to a witness on the spot, is in my opinion quite too rigid.

I think for this reason, the judgment of the Common Pleas ought to be reversed, and the record remitted to be proceeded in according to law.

*Judgment of Common Pleas reversed, and record remitted.*

CITED *in Voorhees* v. *Hendrickson,* 5 *Dutch.* 102.